UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DAPHNE RICHARD, individually, and on behalf of others similarly situated,

       Plaintiff,

v.

GLENS FALLS NATIONAL BANK and DOES 1 through 100,

       Defendants.

1:20-cv-00734 (BKS/DJS)

---

**Appearances:**

*For Plaintiff:*
John C. Cherundolo
J. Patrick Lannon
Cherundolo Law Firm, PLLC
AXA Tower One 17th Floor
100 Madison Street
Syracuse, NY 13202

Kevin P. Roddy
Wilentz Goldman & Spitzer PA
90 Woodbridge Center Drive, Suite 900
Woodbridge, NJ 07095

Taras Kick
The Kick Law Firm
815 Moraga Drive
Los Angeles, CA 90049

*For Defendant Glens Falls National Bank:*
Lukasz Sosnicki
Thompson Coburn LLP
2029 Century Park East, 19th Floor
Los Angeles, CA 90067

Jonathan B. Fellows
Bond Schoeneck & King, PLLC
One Lincoln Center
Syracuse, NY 13202

**Hon. Brenda K. Sannes, United States District Judge:**

## ORDER TO SHOW CAUSE

Plaintiff Daphne Richard filed this putative class action asserting that this Court has subject matter jurisdiction over her claims under 28 U.S.C. § 1331, which grants the federal courts jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States," and under 28 U.S.C. § 1332(d), which grants the federal courts jurisdiction over civil class actions in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).[1] (Dkt. No. 1, ¶ 12).

"[I]n our federal system of limited jurisdiction . . . the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Commercial Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (internal quotation marks and citation omitted); *see Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." (quoting *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978))).

---

[1] 28 U.S.C. § 1332(d) also grants the federal courts jurisdiction over civil actions in which the amount-in-controversy exceeds $5 million and either "any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State," or "any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." 28 U.S.C. § 1332(d)(2)(B)-(C).

Plaintiff's Complaint does not assert any causes of action "arising under the Constitution, laws, or treaties of the United States" that would give this Court a basis for jurisdiction under 28 U.S.C. § 1331. Because Plaintiff brings her state law claims as a class action, this Court may have jurisdiction over them pursuant to 28 U.S.C. § 1332(d) if the class action involves: "(1) 100 or more class members, (2) an aggregate amount in controversy of at least $5,000,000, exclusive of interest and costs, and (3) minimal diversity, *i.e.,* where at least one plaintiff and one defendant are citizens of different states." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006) (citing 28 U.S.C. § 1332(d)(2), (5)(b), (6)). "The Second Circuit has held that the traditional rule that the party asserting federal court jurisdiction bears the burden of establishing that the case is properly in federal court still applies when the party is asserting such jurisdiction under [28 U.S.C. § 1332(d)]." *Anirudh v. CitiMortgage, Inc.*, 598 F. Supp. 2d 448, 450-51 (S.D.N.Y. 2009) (citing *DiTolla v. Doral Dental IPA of N.Y., LLC*, 469 F.3d 271, 275 (2d Cir. 2006)).

According to the Complaint, Plaintiff is "a resident of Glens Falls, New York," and Defendant Glens Falls National Bank "currently operates over 30 branch locations in New York, with its headquarters located in Glens Falls, New York." (Dkt. No. 1, ¶¶ 4-5).[2] The Complaint describes Plaintiff's proposed classes as follows:

> **Account Balance Class**: All United States residents who have or have had accounts with Glens Falls who incurred an overdraft fee or NSF fee when the balance in the checking account was sufficient to cover the transaction at issue during the period beginning six years preceding the filing of this Complaint and ending on the date the class is certified.

---

[2] The Complaint also names 100 Doe Defendants, which "include agents, partners, joint ventures, subsidiaries and/or affiliates of Glens Falls and, upon information and belief, also own and/or operate Glens Falls branch locations." (*Id.* ¶ 6).

3

> **Repeat NSF Class**: All United States residents who have or have had accounts with Glens Falls who incurred an NSF fee more than once, or an NSF fee followed by an overdraft fee, for the same item during the period beginning six years preceding the filing of this Complaint and ending on the date the class is certified.

(*Id.* ¶ 62). Plaintiff alleges that "[w]hile the exact number of Class Members is presently unknown to Plaintiff, and can only be determined through appropriate discovery, Plaintiff believe[s] that the Classes are likely to include thousands of members based on the fact that [Defendant] has approximately $2.5 billion in assets and operates approximately 30 branches in New York." (*Id.* ¶ 65). The Complaint includes no allegations regarding the amount of damages Plaintiff claims, nor the aggregate damages claimed by the proposed class.

The Complaint's allegations are insufficient to show that either the minimal diversity or amount-in-controversy requirements of 28 U.S.C. § 1332(d) are met. The allegations suggest that both Plaintiff and Defendant Glens Falls National Bank are citizens of New York. (Dkt. No. 1, ¶¶ 4-5).[3] While Plaintiff's proposed classes have a nationwide scope, there are no allegations that Defendant has any branch locations or customers outside of New York, or otherwise establishing that any member of either proposed class is a citizen of a state other than New York. Moreover, the Complaint does not specify the aggregate amount in controversy claimed by either proposed class, nor does it contain any allegations from which the Court can reasonably infer that the aggregate amount in controversy is over $5 million. Accordingly, it is

**ORDERED** that, on or before February 3, 2021, Plaintiff shall file a memorandum, not to exceed ten pages, showing cause why this action should not be dismissed for lack of subject matter jurisdiction; and it is further

---

[3] The Complaint also does not include allegations suggesting that any of the Doe Defendants are citizens of states other than New York. (*Id.* ¶ 6).

**ORDERED** that, to the extent Plaintiff concedes that the Complaint fails to establish jurisdiction under 28 USC 1332(d)(2), but believes that there are facts supporting subject matter jurisdiction under that provision, Plaintiff shall address how she seeks to proceed (*i.e.* through proposed amendment to the Complaint, supplementary evidentiary submissions or otherwise); and it is further

**ORDERED** that Defendants may respond to Plaintiff's submission, with a memorandum not to exceed ten pages, on or before February 17, 2021.

**IT IS SO ORDERED.**

Dated: January 20, 2021

*/s/ Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge