UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DAPHNE RICHARD, individually, and on behalf of others similarly situated,

                      Plaintiff,

1:20-cv-00734 (BKS/DJS)

v.

GLENS FALLS NATIONAL BANK and DOES 1 through 100,

                      Defendants.

---

**Appearances:**

*For Plaintiff:*
Taras Kick
The Kick Law Firm
815 Moraga Drive
Los Angeles, CA 90049

John C. Cherundolo
J. Patrick Lannon
Cherundolo Law Firm, PLLC
AXA Tower One 15th Floor
100 Madison Street
Syracuse, NY 13202

Kevin P. Roddy
Wilentz Goldman & Spitzer PA
90 Woodbridge Center Drive, Suite 900
Woodbridge, NJ 07095

*For Defendant Glens Falls National Bank:*
Lukasz Sosnicki
Thompson Coburn LLP
10100 Santa Monica Blvd., Suite 500
Los Angeles, CA 90067

Jonathan B. Fellows
Bond Schoeneck & King, PLLC
One Lincoln Center
Syracuse, NY 13202

**Hon. Brenda K. Sannes, United States District Judge:**

<u>**ORDER ON MOTION TO FILE SECOND AMENDED COMPLAINT, TO CERTIFY A CLASS ACTION, AND FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT**</u>

**I.   INTRODUCTION**

Plaintiff Daphne Richard brings this putative class action against Defendant Glen Falls National Bank and various Doe Defendants asserting claims for breach of contract, and violations of New York General Business Law ("NYGBL") § 349 arising out of Defendant's practices with respect to overdraft fees ("Overdraft Fees") and non-sufficient funds fees ("NSF Fees"). (Dkt. No. 1). Presently before the Court are Plaintiff's unopposed motion to file a Second Amended Complaint adding Arrow Financial Corporation and Saratoga National Bank & Trust Company as Defendants, (Dkt. No. 47), and Plaintiff's motion to certify a class action and for preliminary approval of a class action settlement, (Dkt. No. 49). The Court, having considered Plaintiff's submissions, (Dkt. Nos. 47, 49), all supporting documents, (Dkt. Nos. 49, 50, 52, 53, 54), and the Settlement Agreement and Release (the "Settlement Agreement"), (Dkt. No. 53-1), and having conducted a preliminary hearing and having heard oral arguments of counsel at a videoconference on April 12, 2022, and for the reasons stated at the videoconference and herein, grants Plaintiff's motion to file a Second Amended Complaint, subject to the revisions discussed at the preliminary hearing, conditionally certifies, for settlement purposes only, the two settlement classes outlined below, and preliminarily approves the Settlement upon the terms and conditions set forth in this Order.[1]

---

[1] At the preliminary hearing on April 12, 2022, all parties agreed that the John Doe Defendants would not be included in the Second Amended Complaint. Accordingly, in this Order the Court uses the term "Defendants" to refer to Defendants Glens Falls National Bank, Arrow Financial Corporation, and Saratoga National Bank & Trust Company.

## II. APPLICABLE LAW

Preliminary approval of a proposed settlement is the first in a two-step process required [by Federal Rule of Civil Procedure 23(e)] before a class action may be settled." *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997). "At this stage, [the court] need only decide whether the terms of the Proposed Settlement are 'at least sufficiently fair, reasonable and adequate to justify notice to those affected and an opportunity to be heard.'" *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MD 2262, 2018 WL 3475465, at *1, 2018 U.S. Dist. LEXIS 120856, at *6 (S.D.N.Y. July 19, 2018) (quoting *NASDAQ*, 176 F.R.D. at 102). "This analysis is 'a determination that there is what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness.'" *Id.*, 2018 U.S. Dist. LEXIS 120856, at *6–7 (quoting *In re Traffic Exec. Ass'n E. R.Rs.*, 627 F.2d 631, 634 (2d Cir. 1980)).

"Before approving a class settlement agreement, a district court must first determine whether the requirements for class certification in Rule 23(a) and (b) have been satisfied." *In re Am. Int'l Grp., Inc. Sec. Litig. (In re AIG)*, 689 F.3d 229, 238 (2d Cir. 2012). However, "because the litigation is being settled, rather than litigated, the Court need not consider the manageability issues that litigation would present." *Berkson v. Gogo LLC*, 147 F. Supp. 3d 123, 159 (E.D.N.Y. 2015) (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997)). "The district court must also determine whether the action can be maintained under Rule 23(b)(1), (2), or (3)." *In re AIG*, 689 F.3d at 238. Here, Plaintiff seeks certification of the settlement class under Rule 23(b)(3), "which permits certification where 'the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.'" *Id.* (quoting Fed. R. Civ. P. 23(b)(3)). While trial management

3

concerns "drop out of the predominance analysis," when considering a settlement class, "the certifying court must still determine whether the 'the legal or factual questions that qualify each class member's case as a genuine controversy' are sufficiently similar as to yield a cohesive class." *Id.* at 240 (quoting *Amchem*, 521 U.S. at 623).

## III.  ANALYSIS

### A.  Class Certification

On a preliminary basis, the Court finds that the class, as defined in the Settlement Agreement ("Settlement Class"),[2] meets all the requirements for certification of a settlement class under the Federal Rule of Civil Procedure 23 and applicable case law. Accordingly, the Court provisionally certifies the Settlement Class, which is composed of the following classes:

> The "Sufficient Funds Class," which is defined as those customers of Defendants who, from July 1, 2014 to July 1, 2021, paid a Sufficient Funds Overdraft Charge that was not refunded. A "Sufficient Funds Overdraft Charge" is defined as overdraft fees that were paid by any customer of the Sufficient Funds Class, from July 1, 2014 to July 1, 2021, when there was enough money in the customer's account to cover the transaction in question if holds placed on deposits and pending transactions were not deducted from the amount in the account.
>
> The "Multiple NSF Fees Class," which is defined as those customers of Defendants who, from July 1, 2014, to July 1, 2021, were assessed more than one NSF fee on a single payment transaction. "Multiple NSF Fee" is defined as a non-sufficient funds fee that was assessed but not refunded for an ACH or check transaction that was re-submitted by merchants after being declined from July 1, 2014, to July 1, 2021.

Further, the Court provisionally appoints Daphne Richard as the Class Representative of the Settlement Class. The Court appoints Epiq Global to be the Settlement Administrator under the terms of the Settlement Agreement. For purposes of the Settlement Agreement, the Court further provisionally finds that counsel for the Settlement Class, Taras Kick of The Kick Law Firm, APC, Kevin Roddy of Wilentz, Goldman & Spitzer P.A., and Patrick Lannon of

---

[2] The terms in this Order shall have the same meaning given such terms in the Settlement Agreement.

4

Cherundolo Law Firm, PLLC, are qualified and experienced attorneys capable of adequately representing the settlement class, and they are provisionally approved as Class Counsel.

This certification of a preliminary Settlement Class, under this Order, is for settlement purposes only and shall not constitute, nor be construed as, an admission on the part of the Defendants in this action that any other proposed or certified class action is appropriate for class treatment pursuant to the Federal Rules of Civil Procedure or any similar statute, rule or common law. The entry of this Order is without prejudice to the rights of Defendants to oppose class certification in this action, should the settlement not be approved or not be implemented for any reason, or to terminate the Settlement Agreement, as provided therein.

The Court provisionally, and solely for purposes of this settlement, finds that the members of the Settlement Class are so numerous that joinder of all members would be impracticable, that the litigation and proposed settlement raise issues of law and fact common to the claims of the Class Members, and these common issues predominate over any issues affecting only individual members of the Settlement Class, that the claims of Daphne Richard (the "Named Plaintiff") are typical of the claims of the Settlement Class, that in prosecuting this Action and negotiating and entering into the Settlement Agreement, the Named Plaintiff and her counsel have fairly and adequately protected the interests of the Settlement Class and will adequately represent the Settlement Class in connection with the settlement, and that a class action is superior to other methods available for adjudicating the controversy.

**B.    Settlement Agreement**

The Court has reviewed the Settlement Agreement and the proposed Long Form Notice (the "Notice"). (Dkt. No. 53-1). The Court finds that the settlement memorialized therein falls within the range of reasonableness and potential for final approval, thereby meeting the requirements for preliminary approval, and that the Notice should go out to the Settlement Class

in the manner described in the Settlement Agreement. The settlement appears to be reasonable in light of the risk inherent in continuing with litigation and for the reasons stated at the preliminary hearing. The Court also notes that the settlement is a non-reversionary one where no money will be returned to the Defendants. Finally, the settlement appears to be the product of an arm's length negotiation involving experienced counsel and a neutral mediator, the Honorable Gerald Rosen (Ret.).

### C. Class Notice

When a Rule 23(b)(3) class is certified for purposes of settlement, Rule 23 requires first, the provision of "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort," Fed. R. Civ. P. 23(c)(2)(B); and second, that the Court "direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1).

According to Rule 23, the "best notice . . . practicable" "must clearly and concisely state in plain, easily understood language:"

> The notice must clearly and concisely state in plain, easily understood language:
>
> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

Here, the proposed Notice: (1) describes of the nature of the action, (2) contains the class definition, (3) describes the class claims and defenses, (4) states that class members may appear

6

via an attorney, (5) instructs class members that they may request exclusion, and (6) instructs how and when to request exclusion and (6) informs class members of the binding effect of a class judgment. (Dkt. No. 53-1, at 18–26). The Court finds that the methods of providing notice prescribed in the Settlement Agreement meet the requirements of the Federal Rules of Civil Procedure and due process, are the best notice practicable under the circumstances, shall constitute due and sufficient notice to all persons entitled thereto, and complies with the requirements of the Constitution of the United States, and all other applicable laws. However, as discussed at the preliminary hearing, there are a few corrections that need to be made to the Notice. Plaintiff must make the following modifications to the Notice:

1. Add missing text from the third sentence in the box on the bottom right of the table on the first page. (Dkt. No. 53-1, at 18 ("You will keep your individual claims against [sic] but you will not receive a payment . . . .")).

2. Define "NSF" in the answer to Question 1. (Dkt. No. 53-1, at 19).

3. Add missing text from the seventh line in the answer to Question 1. (Dkt. No 53-1, at 19) ("ledger balance (but not the available balance) showed sufficient funds [sic] complete the transaction").

4. Fill in the blank in the answer to Question 10 concerning reimbursement of litigation costs. (Dkt. No. 53-1, at 21–22).

5. Add a question mark at the end of Question 11. (Dkt. No. 53-1, at 22 ("How much of the settlement fund will be used to pay the Named Plaintiff a Service Award")).

6. Fill in the blank in the answer to Question 12 concerning the Class Administrator's expenses. (Dkt. No. 53-1, at 22).

7. Clarify the answer to Question 13, which states you <u>may</u> be entitled to receive payment <u>or</u> forgiveness of fees, (Dkt. No. 53-1, at 22) ("If you received this Notice, then you may be entitled to receive a Class Member payment and/or forgiveness of Uncollected Overdraft Fees"), and appears to conflict with the information in the box on the first page across from "DO NOTHING," which states "you <u>will receive a payment</u>." (Dkt. No. 53-1, at 18) (emphasis added).

8. Add Saratoga National Bank to the answers to Question 19 and Question 24. (Dkt. No. 53-1, at 23–24).

9. Add Saratoga National Bank to the last sentence of the Notice which refers only refer to Glens Falls National Bank. (Dkt. No. 53-1, at 26).

10. Add the Final Hearing Date.

For the purposes stated and defined in the Settlement Agreement, the Court hereby sets the following dates and deadlines but notes that the parties have agreed to meet and confer and file a joint letter by April 19, 2022, proposing a date for the Final Approval Hearing and a date for filing the motion for Final Approval with the Court:

| The Claims Administrator Sends Notice and Website Goes Live | By May 9, 2022 |
| --- | --- |
| The Last Day to Opt-Out | Thirty Days After the Claims Administrator Sends Notice |
| The Motion for Final Approval and Attorneys' Fees Filed with the Court | Thirty-Five Days After Claims Administrator Sends Notice |
| Last Day to Object | Fifteen Days After the Motion for Final Approval and Attorneys' Fees is Filed with the Court |
| Last Day to File Responses to Objections and Class Counsel's and Defendant's Replies in Support of the Motion for Final Approval and Attorneys' Fees | Ten Days After the Last Day to Object |
| Final Approval Hearing | Twenty Days After the Last Day to Object or as the Court's Schedule Permits |

| The Claim Administrators Filing of the Final Report | Thirty Days After the Time to Cash Checks has Expired |

The Court hereby approves and adopts the procedures, deadlines, and manner governing all requests to be excluded from the Class, or for objecting to the proposed settlement, as provided for in the Settlement Agreement.

All costs incurred in connection with providing notice and settlement administration services to the class Members shall be paid from the Settlement Fund.

By no later than ninety (90) days following the entry of this Preliminary Order, the Settlement Administrator shall provide to Class Counsel and counsel for the Defendants one or more declarations attesting to compliance with the terms of this Order and the Settlement Agreement, including declarations stating that it properly mailed the Notice in accordance with the terms of this Order and as required by the Settlement Agreement. The moving parties shall file the Settlement Administrator's declaration with the application for Final Approval.

### D.     Attorneys' Fees and Costs

The parties have agreed that Defendants shall not oppose an application for an award of attorneys' fees of one-third of the value of the settlement. Plaintiff and Class Counsel's motion for fees and costs shall be filed at the same time as the motion for Final Approval. Any motion for attorneys' fees and costs shall be supported by detailed billing records and any retainer agreement.

### E.     Fairness Hearing

At the final Fairness Hearing on the proposed Settlement, the Court will consider: (1) whether to grant final approval to the Settlement as fair, reasonable, and adequate and issue an Order dismissing the Complaint with prejudice; (2) whether the parties' agreement regarding the process to determine Class Counsel's attorneys' fees and costs is fair and reasonable and (3)

whether to approve the service payment to Plaintiff. This hearing may be adjourned to a later date without further or prior notice by oral announcement by the Court or by written order.

Any Member of the Settlement Class may appear in person, or through counsel (at their own expense), at the Fairness Hearing and be heard in support of or in opposition to the fairness, reasonableness and adequacy of the proposed Settlement, award of counsel fees, reimbursement of costs and expenses, and Class Representative service award provided, however, that no person shall be heard in opposition to the proposed Settlement or the award, and no paper or brief submitted by such person shall be received or considered by the Court unless such person has timely sent a written objection to the Claims Administrator in the manner described in the Notice.

If the settlement is not approved or consummated for any reason whatsoever, the Settlement Agreement and all proceedings in connection therewith shall terminate without prejudice to the status quo ante and rights of the parties to the action as they existed prior to the date of the execution of the Settlement Agreement, except as otherwise provided in the Settlement Agreement.

## IV.   CONCLUSION

For these reasons, it is

**ORDERED** that Plaintiff's motion to file a Second Amended Complaint, (Dkt. No. 47), is **GRANTED** and Plaintiff shall file the Second Amended Complaint by April 19, 2022; and it is further

**ORDERED** that Plaintiff is directed to file the revised Notice of Class Settlement and the Email and Postcard Class Notice by April 19, 2022; and it is further

**ORDERED** that the motion to certify classes for purposes of settlement and for preliminary approval of class settlement (Dkt. No. 49), is **GRANTED**, and the Settlement Agreement is preliminarily approved, the Settlement Class is conditionally certified, and Class Notice shall be mailed to all Class Members in accordance with the terms of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: April 13, 2022
Syracuse, New York

Brenda K. Sannes
U.S. District Judge