# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x
:
:     Civil Case No. 1:20-cv-734 (BKS/DJS)
DAPHNE RICHARD, INDIVIDUALLY          :
AND ON BEHALF OF ALL OTHERS           :
SIMILARLY SITUATED                    :
:
PLAINTIFF,                            :
:
V.                                    :
:
GLENS FALLS NATIONAL BANK,            :
ARROW FINANCIAL CORPORATION,          :
AND SARATOGA NATIONAL BANK &          :
TRUST COMPANY,                        :
:
DEFENDANTS.                           :
:

-------------------------------------------------------- x

**Hon. Brenda K. Sannes, United States District Judge:**

## ORDER

This Court granted preliminary approval of the Settlement Agreement and Release

("Settlement") and certified a provisional settlement class on April 13, 2020. (Dkt. No. 56 at 4-

5.) Due and adequate notice having been given to the Class Members, and the Court having

considered and reviewed the Settlement, all papers filed and proceedings had herein, and the

Court having held a final approval hearing on July 20, 2022, the record of which is incorporated

herein, at which the Court heard from counsel for all parties and found the Settlement to be fair,

reasonable, and adequate, and having reviewed the record in this litigation, and there being no

objections, and good cause appearing, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.      Unless otherwise provided, all terms used herein shall have the same meaning as provided in the Settlement.

2.      The Court has jurisdiction over the subject matter of this litigation and over the Parties to this litigation, including all Class Members.

3.      The Court finds that the members of the Settlement Class are so numerous that joinder of all members would be impracticable, that the litigation and proposed settlement raise issues of law and fact common to the claims of the Class Members and these common issues predominate over any issues affecting only individual members of the Settlement Class, that the claims of Daphne Richard (the "Named Plaintiff") are typical of the claims of the Settlement Class, that in prosecuting this Action and negotiating and entering into the Settlement, the Named Plaintiff and her counsel have fairly and adequately protected the interests of the Settlement Class and will adequately represent the Settlement Class in connection with the settlement, and that a class action is superior to other methods available for adjudicating the controversy.

4.      This Court finds that the Class meets all of the requirements for certification of a settlement class under the Federal Rules of Civil Procedure and applicable case law. *See* Fed. R. Civ. P. 23(e)(2); *Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974). For settlement purposes, the Court now finally certifies the Settlement Class, which is composed of the following classes:

> The "Sufficient Funds Class," which is defined as those customers of Glens Falls National Bank and Trust Company ("Glens Falls") or Saratoga National Bank and Trust Company ("Saratoga") who, from July 1, 2014 to July 1, 2021, paid overdraft fees when there was enough money in the customer's account to cover the transaction

that resulted in the fee, and such fees were not refunded by Defendant. (Settlement Agreement ¶ 1(w) and (x).)

The "Multiple NSF Fees on a Single Item Class", which is defined as those customers of Glens Falls or Saratoga who, from July 1, 2014, to July 1, 2021, were assessed more than one non-sufficient funds fee on a single transaction that was not refunded by Defendant. (Settlement Agreement ¶ 1(p) and (q).)

5.      The Court appoints Epiq Class Action & Claims Solutions, Inc. ("Epiq") as the Claims Administrator under the terms of the Settlement.  All costs incurred in connection with providing notice and settlement administration services to the Class Members shall be paid from the Settlement Fund, and shall not exceed $81,000, the amount specified in the Settlement.  The Administrator shall be subject to the jurisdiction of the Court with respect to the administration of the Settlement and shall comply with the terms of the Settlement.

6.      The Court appoints Named Plaintiff Daphne Richard as the Class Representative of the Settlement Class.

7.      The Court further finds that counsel for the Settlement Class, Taras Kick of The Kick Law Firm, APC, J. Patrick Lannon of Cherundolo Law Firm, PLLC, and Kevin P. Roddy of Wilentz Goldman & Spitzer PA, are qualified, experienced, and skilled attorneys capable of adequately representing the Settlement Class, and they are approved as Class Counsel.

8.      The Court finds that the distribution of the notice of the Settlement has been completed in conformity with the Court's preliminary approval order. The Court finds that the notice was the best practicable under the circumstances and provided due and adequate notice of the proceedings and of the terms of the Settlement. The Court finds that the notice fully satisfied the requirements of due process. The Court also finds that all Class Members were given a full and fair opportunity to object, and all Class Members have had a full and fair opportunity to exclude themselves from the Class.

3

9.      The Court finds, as set forth in the Declarations of Edward Datillo, Project Manager of the claims administrator Epiq, dated June 12, 2022 and July 15, 2022, no objections to the settlement have been filed and two class members requested exclusion from the class. (Dkt. Nos. 62-9, 66). These class members who requested to opt out of the proposed settlement are identified in Exhibit E to the July 15, 2022, Declaration of Edward Datillo, and are excluded from this settlement. (Dkt. No. 66, at 24). The Court further finds that no class members appeared at the final approval hearing on July 20, 2022.

10.     The Court finds that the reaction of the Class to the Settlement was overwhelmingly favorable.

11.     The Court hereby grants final approval of the terms set forth in the Settlement and finds that the Settlement is, in all respects, fair, adequate, and reasonable, and directs the parties to effectuate the Settlement according to its terms. The Court finds that the Settlement has been reached as a result of informed and non-collusive arm's-length negotiations. The Court further finds that the parties have conducted extensive investigation and research, and their attorneys were able to reasonably evaluate their respective positions.

12.     The Court finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks. The amount offered in settlement is reasonable in light of the expense, complexity, risk, and likely duration of further litigation.

13.     The Settlement is not an admission by Defendants, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendants. Neither this Order, the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendants.

14.     The Court finds the requested attorneys' fees of one-third of a Value of Settlement of $1,785,000, or $595,000, to be reasonable as a percentage of the Settlement, and also pursuant to a lodestar cross-check given the hourly rates and hours worked, and finds the requested fee is reasonable and therefore awards fees in this amount to be paid to Class Counsel from the Settlement Fund by the deadline specified in the Settlement.

15.     The Court further finds that the request for reimbursement of litigation costs in the amount of $58,424.06, which is slightly less than the amount indicated in the notice to class members, is reasonable based on the work necessary to achieve this favorable class settlement, and is to be paid to Class Counsel from the Settlement Fund by the deadline specified in the Settlement.

16.     The Court finds that Named Plaintiff Daphne Richard assisted with the prosecution and litigation of the case, including extensively communicating with Class Counsel, producing documents, assisting Class Counsel, responding to formal discovery, reviewing and approving the proposed settlement in this matter, and having been willing to testify at trial. The Court therefore awards a service award in the amount of $15,000 to be paid to the Named Plaintiff from the Settlement Fund by the deadline specified in the Settlement Agreement.

17.     The Parties have agreed to distribute any *cy pres* funds to the Tri-County United Way. Such funds, if any, shall be comprised of the value of uncashed settlement checks and paid in accordance with the Settlement Agreement.

18.     Plaintiff is directed to file a Final Report prepared by the Claims Administrator of all receipts and disbursements from the Settlement Fund by March 31, 2023.

19.     The Clerk is respectfully directed to enter Judgment in favor of Plaintiff and close this case.

20.    The Court retains jurisdiction over the Parties, Class Counsel, and the case to enforce the Settlement and the terms of this Judgment.

Good cause appearing therefore, IT IS SO ORDERED.

Dated:  <u>July 22, 2022</u>

Brenda K. Sannes
U.S. District Judge